UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HEATH RUTHEFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03005-TWP-TAB |
| | ) | |
| YVONNE A. Nurse, | ) | |
| YOKO SAVINO Dr., | ) | |
| TAMERA SMITH Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Summary Judgment**

Plaintiff Heath Rutheford, an inmate at the Correctional Industrial Facility (CIF), brings this action pursuant to 42 U.S.C. § 1983 alleging that he has not received adequate medical care after suffering a seizure. The defendants move for summary judgment arguing that Mr. Rutheford failed to exhaust his available administrative remedies before filing this lawsuit. For the following reasons, the motion for summary judgment, dkt. [20], is **denied**. In addition, the defendants are directed to show why summary judgment on this defense should not issue in favor of the plaintiff.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, "the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a *genuine issue for trial*.'" *Cincinnati Life Inc. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

## II. Statement of Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Rutheford as the non-moving party with respect to the motion for summary judgment. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

A.  The Offender Grievance Process

Every inmate is provided with a copy of the Indiana Department of Correction (IDOC) Offender Grievance Process when they first enter CIF. Dkt. 22-1, ¶ 6. The Offender Grievance Process provides a mechanism for inmates to express complaints regarding topics of concern within the facility. *Id.*

The grievance process consists of four steps. Dkt. 22-3 at § IV.  First, the inmate must attempt to resolve his concern informally. *Id.* at §§ IV, X. Second, if the inmate is unable to reach a satisfactory informal resolution, he must file a written grievance no later than ten business days after the incident. *Id.* at §§ IV, XI. Third, if the inmate is dissatisfied with the response to his

written grievance, he must appeal the response in writing to the Warden or his designee within five business days. *Id.* at §§ IV, XII. Fourth, if the inmate is dissatisfied with the response to his appeal, he must appeal that response in writing to the Department Offender Grievance Manager within five business days. *Id.* at §§ IV, XIII.

B.  Mr. Rutheford's Grievance

On June 6, 2019, Mr. Rutheford submitted a grievance that stated the following (errors in original):

> *This is the 2nd one of these that I've put in.* I had a seizure on 5-4-2019 at about 6:30 pm when it happen it I busted my lip open real bad. I went to tell the guards what happened about my lip and teeth bang loose and to go to medical. They called medical and medical said the cut wasn't bad enough to go. So Sgt. Murry took pics of the cut and took them down to medical. I tried to get the pics but now they saying they ain't got them. They have the camera where the pictures was taken. If I am saying I had a seizure why wasn't medical wantin to see me. I had to tell them I was having problems breathing just to get there. She gave me tape and waited to see it the next day and never called me down. I put in all kinds of sick call and the next time I was seen was on 5/14/19. Now I have loose teeth & a very bad scar & am afraid that since no medical care was given that my teeth may die and turn gray.

Dkt. 22-2 at 12 (emphasis added).

The following day, the grievance specialist rejected and returned the grievance, noting the following error:

> <u>X    </u>**Other:** Untimely Filing, An offender wanting to submit a grievance on an issue that he/she has been unable to resolve informally shall submit a completed State Form 45471, "Offender Grievance," no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. I would suggest submitting a Request for HealthCare form and/or contacting the HSA directly first regarding any questions/concerns you have sir first.

Dkt. 22-2 at 11. Mr. Rutheford submitted no more grievances concerning his medical treatment for his seizure, though he did complete the grievance process for an unrelated incident where he was burned by coffee at work. *Id.* at 2–8.

### III. Discussion

The defendants argue that Mr. Rutheford failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before he filed this lawsuit. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

While a prisoner "must exhaust available remedies," he "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when 1) the process operates as a "simple dead end," 2) when it is so opaque that it is incapable of use, and 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

To support the motion for summary judgment, the defendants argue that Mr. Rutheford "failed to file a timely grievance regarding the allegations made in his Complaint, despite receiving

specific instructions, and despite having access to the IDOC grievance policies and procedures. …
Even assuming Plaintiff's June 6, 2019 grievance was proper, it was filed too late, as the IDOC
grievance policy request [sic] that it be filed within 10 days." Dkt. 21 at 7. Mr. Rutheford replied
that he did file a complaint within ten days, but he received nothing back and he believed prison
administrators lost it on purpose "because of what was going on." Dkt. 24[1] at 1; *see also* dkt. 1 at
2 ("I have attempted to file certain grievances but it seems I can get no relief because the
Defendants and the "Grievance Department" have refused to allow the process of my
administrative remedies to exhaust properly."). The defendants responded that Mr. Rutheford
provided no documentation that he filed the grievance within ten days or that the grievance process
was unavailable to him. Dkt. 26 at 2–3.

It is the defendants' burden to establish that the administrative process was available to
Mr. Rutheford. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is
an affirmative defense, the defendant must establish that an administrative remedy was available
and that [the plaintiff] failed to pursue it."). They have failed to do so. First, Mr. Rutheford is
alleging that prison staff purposely lost his first grievance, so there would be no paper document
for him to produce. Second, the rejected grievance supports Mr. Rutheford's contention that he
attempted to timely file a grievance, as it begins, "This is the 2nd one of these that I've put in."
Further, the grievance specialist rejected Mr. Rutheford's grievance for untimeliness despite the
fact that the policy allows the grievance specialist "the discretion to consider a grievance that does
not conform to the rules if there is good cause for the violation." Dkt. 22-3 at 10. A missing or
ignored first grievance seems to provide good cause. But because the grievance specialist rejected

---

[1] Although Mr. Rutheford's  motion, dkt. [24], was for the appointment of counsel, the Court treated it as
his response to the defendants' summary judgment motion because he responded to their allegations that
he did not exhaust. *See* dkt. [25].

the grievance, there was no way for Mr. Rutheford to continue to the next step in the grievance process. Considering the facts in the light most favorable to Mr. Rutheford as the non-movant, Mr. Rutheford has produced enough evidence to show that prisoner administrators thwarted his attempt to pursue the grievance process, rendering it unavailable to him. *Ross*, 136 S. Ct. at 1860.

Accordingly, the defendants' motion for summary judgment, dkt. [20], is **denied**.

### IV. Rule 56(f) Notice and Further Proceedings

The current record before the Court shows that there are no genuine issues of material fact on the exhaustion defense and that the plaintiff is entitled to summary judgment on this defense. Therefore, pursuant to Rule 56(f)(1), the Court gives the defendant notice of its intent to grant summary judgment in the plaintiff's favor on this issue. The defendants shall have **through May 29, 2020**, in which to respond to the Court's proposal. The defendants' response should identify disputes of material fact or legal arguments that the defendants contend support the exhaustion defense. At this stage, having found no genuine issues of material fact, the Court notes that it does not appear that a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), is required. *See Wagoner v. Lemmon*, 778 F.3d 586, 591 (7th Cir. 2015) ("The purpose of a *Pavey* hearing is to resolve disputed factual questions that bear on exhaustion . . . ."); *Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015) (reversing the grant of summary judgment on exhaustion because the undisputed evidence presented at summary judgment showed that the administrative remedy process was unavailable to the plaintiff, and ordered the case to "proceed to the merits" in the district court, not proceed to a *Pavey* hearing). The plaintiff will have fourteen days to respond to any evidence or arguments presented by the defendants.

Alternatively, the defendants may withdraw their affirmative defense by this date.

**IT IS SO ORDERED.**

Date:   4/30/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HEATH RUTHEFORD
962545
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com